IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ANTHONY BENJAMIN**,

    Petitioner,

v.

**BRANDON KELLY**,

    Respondent.

Case No. 6:19-cv-259-JE

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge John Jelderks issued Findings and Recommendation in this case on January 28, 2021. ECF 58. Judge Jelderks recommended that this Court deny Petitioner Andrew Benjamin's Second Amended Habeas Petition (the Petition) (ECF 39) with prejudice. Judge Jelderks also recommended that this Court grant Benjamin a Certificate of Appealability limited to "the question of whether the claims with Grounds One and Three of Benjamin's Second Amended Habeas Petition are time-barred." ECF 58 at 25.

    Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations,

PAGE 1 – ORDER

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Benjamin timely filed an objection challenging several aspect of Judge Jelderks's Findings and Recommendation, but Benjamin focuses on Judge Jelderk's finding that Grounds One and Three of Benjamin's Petition are untimely.[1] Judge Jelderks concluded that tolling of the statute of limitations for Benjamin to file a federal habeas petition ceased when an Oregon trial court denied Benjamin's state post-conviction relief petition (PCR petition) as meritless. That denial came more than a year before Benjamin filed the Petition, rendering the Petition untimely.

---

[1] Judge Jelderks found that Ground Two of Benjamin's petition may be timely because it related back to Benjamin's original, *pro se* federal habeas petition, but rejected the claim on the merits. The Court adopts Judge Jelderks's recommendation that the Court deny Ground Two of Benjamin's Petition on the merits.

PAGE 2 – ORDER

Because neither Ground One nor Ground Three of the Petition related back to Benjamin's original, potentially timely, *pro se* petition, Judge Jelderks found those claims were time-barred.

Benjamin argues that Judge Jelderks should have tolled the statute of limitations for the time that Benjamin pursued an appeal of the denial of his PCR petition. Judge Jelderks did not toll the statute of limitations during that period because Oregon law states that PCR petitions that are denied as meritless are unappealable. *See* Or. Rev. Stat. § 138.525(2), (3). Benjamin's attempted appeal, therefore, was not "properly filed" to toll the statute of limitations. 28 U.S.C § 2244(d)(2). Benjamin argues that Judge Jelderks erred, mistaking a claim that is not cognizable on appeal for one over which the state appellate court lacks jurisdiction.

The Ninth Circuit, however, rejected that exact argument from a different habeas petitioner, explaining:

> We reject Almanza's argument. This court has held that a petitioner is not entitled to tolling during the pendency of an appeal from a non-appealable order because such an appeal is not a "properly filed" application for post-conviction relief. *Ramirez v. Yates*, 571 F.3d 993, 999 (9th Cir. 2009). Here, the order Almanza attempted to appeal was non-appealable because under Oregon law, "a judgment dismissing a meritless petition is not appealable," and a meritless petition is defined as one that fails to state a claim upon which post-conviction relief may be granted. Or. Rev. Stat. § 183.525(2), (3)

*Almanza-Garcia v. Amsberry*, 838 F. App'x 301, 301 (9th Cir. 2021). Thus, Judge Jelderks did not err by finding that Benjamin was not entitled to tolling under 28 U.S.C § 2244(d)(2) during the time he sought to appeal the denial of his PCR petition.

The Court has reviewed *de novo* the remaining portions of Judge Jelderk's Findings and Recommendation to which Benjamin has objected, as well as Benjamin's objections and Kelly's response. The Court agrees with Judge Jelderks's reasons for denying Benjamin equitable tolling

PAGE 3 – ORDER

and denying Ground Two of Benjamin's petition on the merits and adopts those portions of the Findings and Recommendation.

Judge Jelderks recommended that the Court grant Benjamin a Certificate of Appealability on "the question of whether Benjamin's claims within Grounds One and Three of the Second Amended Petition are time-barred." ECF 5 at 25. The Court modifies that recommendation. Because the Ninth Circuit recently rejected Benjamin's argument that, under 28 U.S.C § 2244(d)(2), the statute of limitations should be tolled during the time Benjamin sought to appeal an unappealable order, reasonable "jurists could not conclude that issue is adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). Benjamin may not raise that issue on appeal.

The Ninth Circuit has not, however, addressed Benjamin's argument that he is entitled to *equitable tolling* during the time he sought to appeal the denial of his PCR petition given his PCR attorney's repeated guidance that Benjamin could not file a federal habeas petition until the Oregon Supreme Court denied his PCR petition. The Court therefore grants Benjamin a Certificate of Appealability on whether Benjamin is entitled to equitable tolling of the statute of limitations relating to Grounds One and Three of the Second Amended Petition.

## CONCLUSION

The Court ADOPTS Judge Jelderks's Findings and Recommendation, ECF 58, as modified. The Court DENIES Benjamin's Second Amended Habeas Petition with prejudice and GRANTS Benjamin a Certificate of Appealability.

**IT IS SO ORDERED.**

DATED this 1st day of April, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge